JS 44C/SDNY
REV. 4/2014

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Diego B. Fernandez

DEFENDANTS
Philadelphia Indemnity Insurance Company

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
George J. Calcagnini
376 Route 202
Somers, NY 10589
914-277-2255

ATTORNEYS (IF KNOWN)
Christopher T. Bradley
Marshall Conway & Bradley, PC
45 Broadway, Suite 740
New York, NY 10006 (Telephone No. 212-619-4444)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1446 et. seq. (Diversity Jurisdiction); Breach of Contract

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes [ ] Judge Previously Assigned

If yes, was this case  Vol. [ ]  Invol. [ ]  Dismissed.  No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?     No [x]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                 NATURE OF SUIT

TORTS                                                                        ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | | [ ] 367 HEALTHCARE/ | | | [ ] 375 FALSE CLAIMS |
| [x] 110 INSURANCE | [ ] 310 AIRPLANE | PHARMACEUTICAL PERSONAL | [ ] 625 DRUG RELATED | [ ] 422 APPEAL | [ ] 400 STATE |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | INJURY/PRODUCT LIABILITY | SEIZURE OF PROPERTY | 28 USC 158 | REAPPORTIONMENT |
| [ ] 130 MILLER ACT | LIABILITY | [ ] 365 PERSONAL INJURY | 21 USC 881 | [ ] 423 WITHDRAWAL | [ ] 410 ANTITRUST |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | [ ] 690 OTHER | 28 USC 157 | [ ] 430 BANKS & BANKING |
| INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL | | | [ ] 450 COMMERCE |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | | | [ ] 460 DEPORTATION |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | | PROPERTY RIGHTS | [ ] 470 RACKETEER INFLU- |
| ENFORCEMENT | LIABILITY | | | | ENCED & CORRUPT |
| OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | | [ ] 820 COPYRIGHTS | ORGANIZATION ACT |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | | | [ ] 830 PATENT | (RICO) |
| [ ] 152 RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | | | [ ] 490 CABLE/SATELLITE TV |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | | | | |
| (EXCL VETERANS) | PRODUCT LIABILITY | | | SOCIAL SECURITY | [ ] 850 SECURITIES/ |
| [ ] 153 RECOVERY OF | [ ] 360 OTHER PERSONAL | | | | COMMODITIES/ |
| OVERPAYMENT | INJURY | [ ] 380 OTHER PERSONAL | LABOR | [ ] 861 HIA (1395ff) | EXCHANGE |
| OF VETERAN'S | [ ] 362 PERSONAL INJURY - | PROPERTY DAMAGE | | [ ] 862 BLACK LUNG (923) | |
| BENEFITS | MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 160 STOCKHOLDERS | | PRODUCT LIABILITY | STANDARDS ACT | [ ] 864 SSID TITLE XVI | |
| SUITS | | | [ ] 720 LABOR/MGMT | [ ] 865 RSI (405(g)) | [ ] 890 OTHER STATUTORY |
| [ ] 190 OTHER | | PRISONER PETITIONS | RELATIONS | | ACTIONS |
| CONTRACT | | [ ] 463 ALIEN DETAINEE | [ ] 740 RAILWAY LABOR ACT | | [ ] 891 AGRICULTURAL ACTS |
| [ ] 195 CONTRACT | | [ ] 510 MOTIONS TO | [ ] 751 FAMILY MEDICAL | FEDERAL TAX SUITS | |
| PRODUCT | | VACATE SENTENCE | LEAVE ACT (FMLA) | | |
| LIABILITY | ACTIONS UNDER STATUTES | 28 USC 2255 | | [ ] 870 TAXES (U.S. Plaintiff or | [ ] 893 ENVIRONMENTAL |
| [ ] 196 FRANCHISE | CIVIL RIGHTS | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR | Defendant) | MATTERS |
| | | [ ] 535 DEATH PENALTY | LITIGATION | [ ] 871 IRS-THIRD PARTY | [ ] 895 FREEDOM OF |
| | [ ] 440 OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC | 26 USC 7609 | INFORMATION ACT |
| | (Non-Prisoner) | | SECURITY ACT | | [ ] 896 ARBITRATION |
| REAL PROPERTY | | | | | [ ] 899 ADMINISTRATIVE |
| | [ ] 441 VOTING | | IMMIGRATION | | PROCEDURE ACT/REVIEW OR |
| [ ] 210 LAND | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | | | APPEAL OF AGENCY DECISION |
| CONDEMNATION | [ ] 443 HOUSING/ | | [ ] 462 NATURALIZATION | | |
| [ ] 220 FORECLOSURE | ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | APPLICATION | | [ ] 950 CONSTITUTIONALITY OF |
| [ ] 230 RENT LEASE & | [ ] 445 AMERICANS WITH | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION | | STATE STATUTES |
| EJECTMENT | DISABILITIES - | [ ] 560 CIVIL DETAINEE | ACTIONS | | |
| [ ] 240 TORTS TO LAND | EMPLOYMENT | CONDITIONS OF CONFINEMENT | | | |
| [ ] 245 TORT PRODUCT | [ ] 446 AMERICANS WITH | | | | |
| LIABILITY | DISABILITIES -OTHER | | | | |
| [ ] 290 ALL OTHER | [ ] 448 EDUCATION | | | | |
| REAL PROPERTY | | | | | |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____     JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND:  [ ] YES  [ ] NO           NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)          **ORIGIN**

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
  - [x] a. all parties represented
  - [ ] b. At least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)      **BASIS OF JURISDICTION**      *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [x] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [x]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
Diego B. Fernandez
1594 Route 9W
Highland Falls, NY 10928
County of Orange


DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
Philadelphia Indemnity Insurance Company
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004



DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:




Check one: THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE Apr. 5, 2016   SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
                   *Christopher T. Bradley* (signature)
[ ] NO
[x] YES (DATE ADMITTED Mo. 03 Yr. 92)
RECEIPT #        Attorney Bar Code # CB4725

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIEGO B. FERNANDEZ,

                      Plaintiff,                  **NOTICE OF REMOVAL**

     - against -

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                      Defendant.
------------------------------------------------------------X

      Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), hereby files this Notice of Removal of the above-described action, removed from the Supreme Court of the State of New York, Orange County, Index Number EF001171-2016, and all claims and causes of action therein, to the United States District Court for the Southern District of New York, as provided by Title 28, U.S. Code, Section 1446 *et. seq.*, and Rule 11. The removing Defendant applies for the purposes of removal only and for no other purposes and reserves all rights, claims and defenses of any nature whatsoever, including but not limited to defenses related to service of process, jurisdiction and venue, and state as follows:

      1.      PIIC is the only named defendant in the above-entitled action.

      2.      At all times relevant, PIIC is organized and exists under the laws of, and has its principal place of business in the Commonwealth of Pennsylvania.

      3.      At all times relevant, Plaintiff DIEGO B. FERNANDEZ was and still is an individual having his residence and domicile in the State of New York, County of Orange.

      4.      On or about February 22, 2016, plaintiff filed the instant action against PIIC in the Supreme Court of the State of New York, Bronx County, Index No. EF001171-2016, and it is

now pending in that Court. A copy of the Summons and Complaint is annexed hereto as Exhibit A.

5. In the action, Plaintiff seeks monetary damages in the amount of $164,900, representing PIIC's alleged contractual obligation to Plaintiff under a Policy of Insurance No. GD20063864-004, plus interests, costs, and disbursements.

6. The Summons and Complaint was served on PIIC on or about March 18, 2015.

7. PIIC has not yet interposed an Answer to the action for money damages.

8. The United States District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C.A. §1332.

9. Plaintiff is now, and was at the time the state action was commenced, an individual having his residence and domicile in the State of New York, County of Orange.

10. PIIC is now, and at the time the state action was commenced, a citizen of the Commonwealth of Pennsylvania.

11. No change of citizenship of parties has occurred since the commencement of this action.

12. This is an insurance coverage action.

13. The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000.00.

14. PIIC is not a citizen of the state in which the action was brought.

15. A copy of all process and pleadings served upon PIIC are annexed as Exhibits A and B.

16. PIIC expressly reserves the right to raise all defenses and objections to the state court action after its removal to the United States District Court for the Southern District of New York.

17. PIIC will give written notice of the filing of this notice as required by 28 U.S.C.A. §1446(d).

18. PIIC will file a copy of this notice with the clerk of the New York State Supreme Court, Orange County, as required by 28 U.S.C.A. §1446(d).

For all the above stated reasons, PIIC requests that the Court grant the relief requested herein.

Dated: New York, New York
April 5, 2016

Respectfully Submitted,

By: *[signature]*
Christopher T. Bradley (CB4725)
MARSHALL CONWAY & BRADLEY, P.C.
Attorneys for Defendant
PHILADELPHIA INDEMNITY INSURANCE COMPANY
45 Broadway, Suite 740
New York, New York 10006
(212) 619-4444
File No.: 36-8931

TO: George J. Calcagnini, Esq.
Attorney for Plaintiff
DIEGO B. FERNANDEZ
376 Route 202
Somers, NY 10589
(914) 277-2255

Clerk of the Court
New York State Supreme Court, Orange County
285 Main Street
Goshen, NY 10924

## **Index of Documents Filed in State Court Action**

A. Plaintiff's Summons and Complaint, Supreme Court Orange County, State of New York, Index No. EF001171-2016.

B. Affirmation/Affidavit of Service, March 18, 2016.

# Exhibit A



## NYSCEF - Orange County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

Diego B Fernandez - v. - Philadelphia Indemnity Insurance Co

EF001171-2016

### Documents Received on  02/22/2016 10:52 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

### Filing User

Name: **GEORGE J CALCAGNINI**
Phone #: **914-277-2255**   E-mail Address: gcalcagnin@aol.com
Fax #: **914-277-2299**   Work Address: **376 Route 202**
**Somers, NY 10589**

### E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 02/22/2016 10:52 AM:

CALCAGNINI, GEORGE J - gcalcagnin@aol.com

NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.

**Annie Rabbitt, County Clerk**
Phone: (845) 291-2690   Fax: 845-291-2691 (fax)   Website: http://www.orangecountygov.com/content/124/861/

**NYSCEF Resource Center -  EFile@nycourts.gov**
Phone: (646) 386-3033   Fax:( 212) 401-9146   Website: www.nycourts.gov/efile

FILED: ORANGE COUNTY CLERK 02/22/2016 10:52 AM
NYSCEF DOC. NO. 1.

INDEX NO. EF001171-2016
RECEIVED NYSCEF: 02/22/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---

DIEGO B. FERNANDEZ,

                                        Plaintiff,

-against-

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                                        Defendant.
---

Index No. EF001171-2016
Date purchased
2/22/16
Plaintiffs designates
Orange
County as the place of trial.

The basis of the venue is
Plaintiff's residence

*Summons*
*with Notice*

Plaintiffs resides at
1594 Route 9W
Highland Falls, NY
County of Orange

To the above named Defendant

*You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, February 22, 2016

GEORGE J. CALCAGNINI
Attorney for Plaintiff
Office and Post Office Address
376 Route 202
Somers, NY 10589
(914) 277-2255

**Notice:** The nature of this action is to recover on an automobile theft insurance policy issued by defendant.

The relief sought is an injunction and a money judgment in the sum of $164,900 with interest thereon from July 1, 2014, together with the costs and disbursements of this action.

Upon your failure to appear, judgment will be taken against you by default for a money judgment the sum of $164,900 with interest from July 1, 2014, together with the costs and disbursements of this action.

Defendant's address:

    Philadelphia Indemnity Insurance Company
    585 Stewart Avenue
    Suite 500
    Garden City, NY 11530

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------

DIEGO B. FERNANDEZ,

                        Plaintiff,

                                      **COMPLAINT**

-against-

                                      Index No.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                        Defendant.

-------------------------------------------------------------------

        The plaintiff above named, by his attorney, GEORGE J. CALCAGNINI, ESQ., complaining of the defendant, alleges as follows:

        1. The plaintiff is a resident of the State of New York and County of Orange.

        2. Upon information and belief, at all times hereinafter mentioned, the defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, was and still is a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania, and at all time hereinafter mentioned was engaged in business in the State of New York as an insurance company, insuring against certain risks, among them being to pay for loss of automobiles caused by theft or larceny.

        3. That on or about November 20, 2013, the defendant issued and delivered to the plaintiff, its automobile insurance policy of insurance, the policy being Policy No. GD20063864-004 and in printed form as drawn and prepared by the defendant and designated therein as an Agreed Value Collector Vehicle Policy insuring against loss caused by the theft of the plaintiff's vehicle referred to in the said policy as a 1962 Chevrolet Impala (VIV 21847S315445), among other vehicles.

4. That in and by that policy, the defendant, in consideration of the stipulations in the policy named and the premium duly paid to the defendant by the plaintiff, did insure the plaintiff from November 20, 2013 to November 20, 2014, to an amount not exceeding the $125,000 agreed value of the said 1962 Chevrolet Impala automobile and its equipment against the hazard of loss by theft or larceny.

5. Prior to issuing an amendment of the said insurance policy to the plaintiff, the defendant did have the plaintiff's 1962 Chevrolet Impala automobile inspected by an expert in the valuation of such automobiles and did reach an agreement with the plaintiff that the defendant would insure the vehicle for an agreed value of $165,000 even though the fair market value of the vehicle was well in excess of $165,000.

6. Thereupon, the defendant issued an amendment of the said Agreed Value Collector Vehicle Policy raising the agreed value of the plaintiff's 1962 Chevrolet Impala automobile to $165,000, which amount the defendant promised to pay to the plaintiff, less a $100 deductible, in the event that the said vehicle was stolen.

7. That at the time of the issuance and delivery of the policy and the amendment thereof and continuously from then to the time of the hereinafter mentioned theft and loss of the automobile and its equipment, the plaintiff was the owner of the 1962 Chevrolet Impala automobile and its equipment, all of which was well known to the defendant at the time of its issuance of the policy and amendment thereof, and that the policy was the only contract insuring the plaintiff against hazard by theft or larceny on the said automobile and its equipment which the plaintiff had at the time of the issuance of the policy or which he thereafter made or procured thereon and that the plaintiff at no time during the time of the policy had any similar insurance.

8. That on or about July 1, 2014 the plaintiff discovered that the said 1962 Chevrolet Impala automobile had been stolen from a locked garage at his residence located at 1594 Route 9W, Highland Falls, New York, by some unknown third person.

9. The plaintiff promptly notified the police of the theft, but the vehicle has never been recovered.

10. Thereafter, the plaintiff notified the defendant of the theft of the vehicle and filed his sworn proof of loss on the form as required by the defendant and plaintiff has otherwise complied with all the terms and conditions of the policy on his part to be performed in connection with his claim for payment of the agreed value of the vehicle pursuant to the terms of the insurance policy issued by the defendant, as amended.

11. The plaintiff did fully cooperate in the defendant's investigation of the claims and did provide the defendant will all information reasonably requested by the defendant.

12. Despite the foregoing, the defendant did breach the contractual obligations imposed on the defendant under policy of insurance, as amended, issued by the defendant to the plaintiff in that the defendant has failed and refused to pay the plaintiff the $165,000 agreed value of the said 1962 Chevrolet Impala automobile, less the $100 deductible.

13. The plaintiff has performed all obligations on his part to be performed pursuant to the contract of insurance, as amended, with the defendant.

14. The defendant has failed and refused to pay the plaintiff the $165,000 agreed value of his 1962 Chevrolet Impala automobile, less the $100 deductible.

15. Upon information and belief on July 1, 2014, that the fair, reasonable, and actual cash value of the 1962 Chevrolet Impala automobile was and is far in excess of the $165,000 agreed value of the vehicle.

- 3 -

16. By virtue of the foregoing, the plaintiff has been damaged in the sum of $164,900

WHEREFORE, plaintiff demands judgment against the defendant in the sum of $164,900 with interest thereon from July 1, 2014 together with the costs and disbursements of this action and for such other and further relief as may be just and proper.

Dated: February 22, 2016

*[signature]*
GEORGE J. CALCAGNINI
Attorney for Plaintiff
Office & Post Office Address
376 Route 202
Somers, New York 10589
(914) 277-2255

# Exhibit B



## NYSCEF - Orange County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

Diego B Fernandez - v. - Philadelphia Indemnity Insurance Co

EF001171-2016

### Documents Received on   03/27/2016 09:59 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

### Filing User

| | | | |
|---|---|---|---|
| Name: | **GEORGE J CALCAGNINI** | | |
| Phone #: | **914-277-2255** | E-mail Address: | **gcalcagnin@aol.com** |
| Fax #: | **914-277-2299** | Work Address: | **376 Route 202**<br>**Somers, NY 10589** |

### E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 03/27/2016 09:59 AM :

**CALCAGNINI, GEORGE J - gcalcagnin@aol.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Annie Rabbitt, County Clerk**
Phone: (845) 291-2690    Fax: 845-291-2691 (fax)    Website: http://www.orangecountygov.com/content/124/861/

**NYSCEF Resource Center -  EFile@nycourts.gov**
Phone: (646) 386-3033    Fax:( 212) 401-9146    Website: www.nycourts.gov/efile

STATE OF: NEW YORK
COURT: SUPREME COURT ORANGE COUNTY
DateFiled: 2/22/2016

Plaintiff(s)/Petitioner(s): DIEGO B. FERNANDEZ

Vs.

Defendant(s)/Respondent(s): PHILADELPHIA INDEMNITY INSURANCE COMPANY

STATE OF PENNSYLVANIA SS
COUNTY OF: BUCKS

The undersigned deponent, being duly sworn deposes and say that said deponent is not a party to this action, is over 18 years of age and resides in the State of **PENNSYLVANIA**. Deponent served the within process as follows:

Process Served: NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING, SUMMONS AND COMPLAINT

Party Served: PHILADELPHIA INDEMNITY INSURANCE COMPANY

At Location: ~~ONE BALA PLAZA, STE. 100~~ Three Bala Plaza, Suite 400

BALA CYNWYD, PA 19004

Date of Service: 3/18/16     Time of service: 4:32pm

Check boxes that apply to this service:

- [ ] #1, INDIVIDUAL — By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.
- [x] #2, CORPORATION — By delivering to and leaving with **Nora Howard** and that deponent knew the person so served to be the **Paralegal** of the corporation and authorized to accept service.
- [ ] #3, SUITABLE AGE PERSON — By delivering to and leaving with _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.
- [ ] #4, AFFIXING TO DOOR — By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.
- [ ] #5, MAILING COPY — On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.
Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
on the ___ day of ___ at ___
on the ___ day of ___ at ___
on the ___ day of ___ at ___
on the ___ day of ___ at ___
- [ ] #6, NON-SERVICE — After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown Address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] Other _____
- [x] #7, DESCRIPTION — A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: F   Color of Skin: white   Color of Hair: brown   Age: 20s   Height: 5'4"   Weight: 115   Other Features: _____
- [ ] #8, WITNESS FEES — $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.
- [ ] #9, MILITARY SERVICE — Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed _____ was not.

Sworn to before me on 3/22/16

James Robinson

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JAMILA JAMISON, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 13, 2020

## Certification

Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, by and through their attorney, Christopher T. Bradley, of the firm MARSHALL CONWAY & BRADLEY, P.C. hereby declare that they have provided all other parties in the action, including the New York State Supreme Court, Orange County, with the notice of removal and attachments being filed with this Court.

Dated:  New York, New York
        April 5, 2016

Respectfully Submitted,

By: _____
Christopher T. Bradley (CB4725)
MARSHALL CONWAY &
BRADLEY, P.C.
Attorneys for Defendant/Removing Party
PHILADELPHIA INDEMNITY
INSURANCE COMPANY
45 Broadway, Suite 740
New York, New York 10006
(212) 619-4444
File No.: 36-8931

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                            ss.:
COUNTY OF NEW YORK )

      DESIRE COLLADO, being duly sworn, deposes and says:

      That deponent is over the age of 18 years, is not a party to this action and resides in NEW YORK COUNTY, NEW YORK.

      That on **April 5, 2016**, deponent served the within **NOTICE OF REMOVAL** on:

George J. Calcagnini, Esq.
Attorney for Plaintiff
DIEGO B. FERNANDEZ
376 Route 202
Somers, NY 10589

Clerk of the Court
New York State Supreme Court, Orange County
285 Main Street
Goshen, NY 10924

the attorneys in the within action at the addresses indicated above; the addresses designated by said attorneys for that purpose, via ECF *and* by depositing true copies of same enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the U.S. Post Office Department within the State of New York.

                                                                      DESIRE COLLADO

Sworn to before me this
5th day of April, 2016

_____
Notary Public

GUY P. DAUERTY
Notary Public, State of New York
No. 01DA4934850
Qualified in New York County
Commission Expires August 9, 20_18_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIEGO B. FERNANDEZ,

                              Plaintiff,

    - against -

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                              Defendant.
------------------------------------------------------------X

## CIVIL COVER SHEET and NOTICE OF REMOVAL

Christopher T. Bradley (CB4725)
MARSHALL CONWAY & BRADLEY, P.C.
Attorneys for Defendant
45 Broadway – Suite 740
New York, New York  10006
(212) 619-4444
File No.: 36-8931