# Exhibit A



## NYSCEF - Orange County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

Diego B Fernandez - v. - Philadelphia Indemnity Insurance Co

EF001171-2016

### Documents Received on   02/22/2016 10:52 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

### Filing User

| | | | |
|---|---|---|---|
| Name: | GEORGE J CALCAGNINI | | |
| Phone #: | 914-277-2255 | E-mail Address: | gcalcagnin@aol.com |
| Fax #: | 914-277-2299 | Work Address: | 376 Route 202<br>Somers, NY 10589 |

### E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 02/22/2016 10:52 AM:

CALCAGNINI, GEORGE J - gcalcagnin@aol.com

NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.

**Annie Rabbitt, County Clerk**
Phone: (845) 291-2690    Fax: 845-291-2691 (fax)    Website: http://www.orangecountygov.com/content/124/861/

**NYSCEF Resource Center -  EFile@nycourts.gov**
Phone: (646) 386-3033    Fax:( 212) 401-9146    Website: www.nycourts.gov/efile

FILED: ORANGE COUNTY CLERK 02/22/2016 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EF001171-2016
RECEIVED NYSCEF: 02/22/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------

DIEGO B. FERNANDEZ,

                                  Plaintiff,

   -against-

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                                  Defendant.

-----------------------------------------------------------

Index No. EF001171-2016
Date purchased
2/22/16
Plaintiffs designates
Orange
County as the place of trial.

The basis of the venue is
Plaintiff's residence

*Summons with Notice*

Plaintiffs resides at
1594 Route 9W
Highland Falls, NY
County of Orange

To the above named Defendant

      *You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, February 22, 2016

                                                GEORGE J. CALCAGNINI
                                                Attorney for Plaintiff
                                                Office and Post Office Address
                                                376 Route 202
                                                Somers, NY 10589
                                                (914) 277-2255

**Notice:** The nature of this action is to recover on an automobile theft insurance policy issued by defendant.

The relief sought is an injunction and a money judgment in the sum of $164,900 with interest thereon from July 1, 2014, together with the costs and disbursements of this action.

FILED: ORANGE COUNTY CLERK 02/22/2016 10:52 AM
NYSCEF DOC. NO. 1

Upon your failure to appear, judgment will be taken against you by default for a money judgment the sum of $164,900 with interest from July 1, 2014, together with the costs and disbursements of this action.

Defendant's address:

    Philadelphia Indemnity Insurance Company
    585 Stewart Avenue
    Suite 500
    Garden City, NY  11530

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------

DIEGO B. FERNANDEZ,

                    Plaintiff,

                    **COMPLAINT**

-against-

                    Index No.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                    Defendant.

-------------------------------------------------------------

       The plaintiff above named, by his attorney, GEORGE J. CALCAGNINI, ESQ., complaining of the defendant, alleges as follows:

       1. The plaintiff is a resident of the State of New York and County of Orange.

       2. Upon information and belief, at all times hereinafter mentioned, the defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, was and still is a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania, and at all time hereinafter mentioned was engaged in business in the State of New York as an insurance company, insuring against certain risks, among them being to pay for loss of automobiles caused by theft or larceny.

       3. That on or about November 20, 2013, the defendant issued and delivered to the plaintiff, its automobile insurance policy of insurance, the policy being Policy No. GD20063864-004 and in printed form as drawn and prepared by the defendant and designated therein as an Agreed Value Collector Vehicle Policy insuring against loss caused by the theft of the plaintiff's vehicle referred to in the said policy as a 1962 Chevrolet Impala (VIV 21847S315445), among other vehicles.

4. That in and by that policy, the defendant, in consideration of the stipulations in the policy named and the premium duly paid to the defendant by the plaintiff, did insure the plaintiff from November 20, 2013 to November 20, 2014, to an amount not exceeding the $125,000 agreed value of the said 1962 Chevrolet Impala automobile and its equipment against the hazard of loss by theft or larceny.

5. Prior to issuing an amendment of the said insurance policy to the plaintiff, the defendant did have the plaintiff's 1962 Chevrolet Impala automobile inspected by an expert in the valuation of such automobiles and did reach an agreement with the plaintiff that the defendant would insure the vehicle for an agreed value of $165,000 even though the fair market value of the vehicle was well in excess of $165,000.

6. Thereupon, the defendant issued an amendment of the said Agreed Value Collector Vehicle Policy raising the agreed value of the plaintiff's 1962 Chevrolet Impala automobile to $165,000, which amount the defendant promised to pay to the plaintiff, less a $100 deductible, in the event that the said vehicle was stolen.

7. That at the time of the issuance and delivery of the policy and the amendment thereof and continuously from then to the time of the hereinafter mentioned theft and loss of the automobile and its equipment, the plaintiff was the owner of the 1962 Chevrolet Impala automobile and its equipment, all of which was well known to the defendant at the time of its issuance of the policy and amendment thereof, and that the policy was the only contract insuring the plaintiff against hazard by theft or larceny on the said automobile and its equipment which the plaintiff had at the time of the issuance of the policy or which he thereafter made or procured thereon and that the plaintiff at no time during the time of the policy had any similar insurance.

8. That on or about July 1, 2014 the plaintiff discovered that the said 1962 Chevrolet Impala automobile had been stolen from a locked garage at his residence located at 1594 Route 9W, Highland Falls, New York, by some unknown third person.

9. The plaintiff promptly notified the police of the theft, but the vehicle has never been recovered.

10. Thereafter, the plaintiff notified the defendant of the theft of the vehicle and filed his sworn proof of loss on the form as required by the defendant and plaintiff has otherwise complied with all the terms and conditions of the policy on his part to be performed in connection with his claim for payment of the agreed value of the vehicle pursuant to the terms of the insurance policy issued by the defendant, as amended.

11. The plaintiff did fully cooperate in the defendant's investigation of the claims and did provide the defendant will all information reasonably requested by the defendant.

12. Despite the foregoing, the defendant did breach the contractual obligations imposed on the defendant under policy of insurance, as amended, issued by the defendant to the plaintiff in that the defendant has failed and refused to pay the plaintiff the $165,000 agreed value of the said 1962 Chevrolet Impala automobile, less the $100 deductible.

13. The plaintiff has performed all obligations on his part to be performed pursuant to the contract of insurance, as amended, with the defendant.

14. The defendant has failed and refused to pay the plaintiff the $165,000 agreed value of his 1962 Chevrolet Impala automobile, less the $100 deductible.

15. Upon information and belief on July 1, 2014, that the fair, reasonable, and actual cash value of the 1962 Chevrolet Impala automobile was and is far in excess of the $165,000 agreed value of the vehicle.

16. By virtue of the foregoing, the plaintiff has been damaged in the sum of $164,900

WHEREFORE, plaintiff demands judgment against the defendant in the sum of $164,900 with interest thereon from July 1, 2014 together with the costs and disbursements of this action and for such other and further relief as may be just and proper.

Dated: February 22, 2016

GEORGE J. CALCAGNINI
Attorney for Plaintiff
Office & Post Office Address
376 Route 202
Somers, New York 10589
(914) 277-2255

- 4 -